U.S. Department of Justice

FiLED

Jeffrey A. Taylor
United States Attorney

FEB 1 3 , JU8

*District of Columbia*                NANCY MAYER WHITTINGTON, CLERK
                                        U S DISTRICT COURT

*Judiciary Center*
*555 Fourth St , N W*
*Washington, D C   20530*

December 21, 2007

Steven J. McCool, Esq.
Mallon & McCool
1776 K Street, N.W.
Suite 200
Washington, D.C. 20006

Re:    United States v.  Sidney Spain, Crim. No. 08-00007 (TFH)

Dear Mr. McCool:

This letter sets forth the full and complete plea offer to your client, Sidney Spain, from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on January 17, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**Charges and Statutory Penalties**

1.      Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Your client agrees and will acknowledge at the time of the plea that your client possessed 600 or more images of child pornography; that the material involved a prepubescent minor or a minor who had not attained the age of 12 years; that the offense involved distribution (which includes possession with the intent to distribute) of child pornography; that the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence; and that the offense involved the use of a computer or an interactive computer service for the possession, receipt, transmission, or distribution of the material. Your client also agrees and will acknowledge that he was previously convicted in the State of North Carolina of the offense of Conspiracy to Commit 3rd Degree Sexual Exploitation of a Minor in violation of N.C.G.S.A. §§14-190.17A, 14-2.4, and that the offense related to the possession of child pornography.

2.      Your client understands that pursuant to 18 U.S.C. §§ 2252A(b)(2), 3571(b)(3), and 3583(k), and because he has previously been convicted of an offense relating to the

possession of child pornography as stipulated herein, the charge carries a maximum sentence of not less than ten years nor more than twenty years imprisonment, a fine of $ 250,000, a term of supervised release of any term of years not less than five, or life, and an obligation to pay any applicable interest or penalties on fines not timely made.   In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

3.     Your client understands that pursuant to 18 U.S.C. § 2253, he shall forfeit to the United States his interest in all items seized by law enforcement officers on November 9, 2007, from your client's residence at 1301 U Street, N.W., Washington, D.C., which are listed on the attached FBI Receipt for Property Received/Returned/Released/Seized ("Seizure List"). Your client agrees to the administrative, criminal or civil forfeiture of the items seized, and agrees that these items constitute visual depictions described in 18 U.S.C. § 2252A which were produced, transported, mailed, shipped, or received in violation of the chapter; property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and/or property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.  In order to effectuate the forfeiture, your client agrees to the entry of a consent order of forfeiture, and/or agrees not to oppose any administrative or civil forfeiture action regarding the items on the Seizure List, and your client agrees that, notwithstanding how such property may have been titled, he owns and exercises dominion and control over the items seized by law enforcement officers on November 9, 2007.

4.     In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of the Offense.  However, while this Office is unaware of any evidence that suggests that your client produced child pornography, should such evidence be recovered in the files seized from your client that have yet to be viewed by law enforcement officers, the Office reserves the right to charge your client with that offense.

**Factual Stipulations**

5.     Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty.  It is anticipated that prior to or during the plea hearing, your client  will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines**

6.     Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C., Section 3553(a), including a consideration of

2

the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007) (herein after "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

### A. Offense Level Under the Guidelines

#### Section 2G2.2

Estimated Base Offense Level      18

Applicable Specific Offense Characteristics:

2G2.2(b)(2), the material involved a prepubescent minor, or a minor who had not attained the age of 12 years   +2

2G2.2(b)(3)(F), the offense involved distribution   +2

2G2.2(b)(4), the material portrays sadistic or masochistic conduct, or other depictions of violence   +4

2G2.2(b)(6), the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt or distribution of the material   +2

2G2.2(b)(7), the offense involved 600 or more images   +5

     B    **Adjustment for Acceptance of Responsibility:** Provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G., Section 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G, because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**Detention**

7.      Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

**Cooperation**

8.      Your client agrees to cooperate with the Office of the United States Attorney for the District of Columbia on the following terms and conditions:

(a)      Your client shall cooperate fully, truthfully, completely and forthrightly with this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant. Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking government administered polygraph examinations(s); and participating in covert law enforcement activities. Any refusal by your client to cooperate fully, truthfully, completely and forthrightly as directed by this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters in which the Government deems your client's assistance relevant will constitute a breach of this agreement by your client, and will relieve the Government of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and/or 18 U.S.C. § 3553(e). Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of his obligations under this agreement.

(b)      Your client shall promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. Your client agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime.

(c)      Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(d)      Your client shall testify fully, completely and truthfully before any and all Grand Jury(ies) in the District of Columbia, and elsewhere, and at any and all trials or cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

(e)      Your client understands and acknowledges that nothing in this agreement allows your client to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the

4

sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the Government of all of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e). However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of his obligations under this agreement. Your client further understands that, to establish a breach of this agreement, the Government need only prove your client's commission of a criminal offense by a preponderance of the evidence.

9.      Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this agreement, is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court. Your client understands that if the Government does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e). In any event, your client specifically agrees not to seek a downward departure, without Government motion, based on any assistance provided in the investigation(s) or prosecutions(s) of another person(s) who has committed a federal, state, local or any other offense. Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his obligations under this agreement.

10.      Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law enforcement agents and/or Government attorneys and that your client has the right to have defense counsel present during these interviews. After consultation with you, and with your concurrence, your client knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and the Government prosecutors outside the presence of counsel. If at some future point you or your client desire to have counsel present during the interviews by law enforcement agents and/or Government attorneys, and you communicate this decision in writing to this Office, the Government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

**Waiver of Rights**

11.      (a) In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including:  the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

5

(b) Your client also knowingly and voluntarily waives or gives up all constitutional and statutory rights to a speedy sentence, and agrees that the plea of guilty pursuant to this agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client also agrees that the sentencing in this case may be delayed until your client's cooperation has been completed, as determined by the Government, so that the Court will have the benefit of all relevant information before a sentence is imposed. Your client understands that the date for sentencing will be set by the Court.

## Court Not Bound by the Plea Agreement or the Sentencing Guidelines

12.    Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (e), upon consideration of the United States Sentencing Commission's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government, even if the Government files a motion pursuant to 18 U.S.C. § 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines. Your client understands also that the sentence to be imposed upon your client is determined solely by the Court. It is understood that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court. Your client acknowledges that your client's entry of a guilty plea tot the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

## Reservation of Allocution

13.    Your client understands that even if this Office informs the Court of the nature and extent of your client's cooperation, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

6

14.     Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

### Witness Fees

15.     Your client further agrees to waive all rights, claims or interest in any witness fee that your client may be eligible to receive pursuant to 28 U.S.C. § 1821 for your client's appearance at any grand jury, witness conference(s) or court proceeding(s) during the course of your client's cooperation pursuant to this agreement or any term of your client's incarceration.

### Breach of Agreement

16.     Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement.  In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client  shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, whether or not the debriefings were previously characterized as "off the record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

17.     Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  Your client knowingly and voluntarily waives the rights which arise under these rules.

18.     Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence.  Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

19.      Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement.  Your client  understands and agrees that the Government reserves the right to prosecute your client for any such offenses.  Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement.  However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

20.      It is further agreed that should the conviction  following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Waiver of Right to DNA Testing**

21.      By entering this plea of guilty, your client  waives any and all right your client may have, pursuant to 18 U.S.C., Section 3600, to require DNA testing of any physical evidence in the possession of the Government.  Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

**Government's Obligations**

22.      This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

23.      This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation.  If the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e).  In the event this Office, in its sole discretion, decides to file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e), your client will be afforded an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration than otherwise required by either the Sentencing

8

Guidelines or any applicable mandatory minimum sentence established by statute. However, notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this plea agreement, then, the Government will be free from its obligations under the agreement, including but not limited to its obligations to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

### Use of Self-Incriminating Information

24.    The Government and your client agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

### Witness Protection

25.    The United States agrees that if requested by your client, and if appropriate in the sole discretion of this Office in order to provide for the protection and security of your client, the United States Attorney's Office for the District of Columbia will sponsor your client for acceptance into the Witness Security Program of the United States Department of Justice. It is understood, however, that the decision to accept your client into the Witness Security Program is at the sole discretion of the United States Department of Justice and not this Office. It is further understood that once accepted into the Program, the continued participation of your client will be governed exclusively by the standard rules and regulations which have been promulgated by the United States Department of Justice to administer the Program.

### Complete Agreement

26.    No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

27.    Your client further understands that this Agreement is binding only upon the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

28.     If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
United States Attorney

Jean W. Sexton
Assistant United States Attorney
NJ Bar 02122-1995
555 4th Street, N.W. (Room 4235)
Washington, D.C. 20530
202-305-1419
Jean.Sexton@usdoj.gov

10

## DEFENDANT'S ACCEPTANCE

I have read all 10 pages of this plea agreement and have discussed it with my attorney, Steven McCool. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1/17/08

Sidney Spain
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the 10 pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 1/17/08

Steven J. McCool, Esquire
Attorney for Sidney Spain

11