IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. : 08-00007 (TFH) |
| v. | : |
| SIDNEY SPAIN, | : |
| Defendant. | : |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on February 13, 2008, the defendant, Sidney Spain, pleaded guilty to: possessing child pornography, in violation of Title 18, United States Code, Section, 2252A(5)(B);

WHEREAS, the Information also alleged the forfeiture of certain personal property, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 2253, as property that contained visual depictions described in Title 18, United States Code, Section 2252A which were produced, transported, mailed, shipped, or received in violation of the chapter; and/or that constituted or was traceable to gross profits or other proceeds obtained from such offense; and/or property that was used or intended to be used to commit or to promote the commission of the offense set forth above;

WHEREAS, this Court has determined, based on the evidence set forth during the defendant's guilty plea, that the "Subject Property" is subject to forfeiture pursuant to Title 18, United States Code, Section 2253, and that the Government has established the requisite nexus between such property and violation(s) of Title 18, United States Code, Section 2252A;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That this Preliminary Order of Forfeiture is entered in accordance with Fed. R. Crim. P. 32.2(b)(2), concerning the following Subject Property, which is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 2253:

> Any and all items listed in Exhibit A, FD-597, Receipt for Property Seized (2 pages) dated November 9, 2007, at 5:40 p.m., that were seized incident to the arrest of the defendant and pursuant to the subsequent search of his residence at
> ......................., ......, ..... ....., ..C..

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. (No such notice is required to the extent that this Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1).) Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the Preliminary Order of Forfeiture, pursuant to

21 U.S.C. § 853(n) (as incorporated).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant

United States Attorney Jean Sexton, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C. 20530.

SO ORDERED.

Dated this __13__ day of __February__, 2008.

_____
UNITED STATES DISTRICT JUDGE

## U.S. DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

On (date) 11/9/07
At (time) 5:40 P
(Name) SIDNEY HOLLAND SPAIN
(Location) Washington, DC 20009

Item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

| ITEM# | DESCRIPTION |
|---|---|
| 1 | PC to video component |
| 2 | one compact disc with label "bare skaters" |
| 3 | Various optical discs(CD's) from bench near door |
| 4 | One walgreens picture CD |
| 5 | Verizon Cell phone, silver in color, with charger believed to belong to Sidney Holland Spain. |
| 6 | Three optical disks(CD's), one labeled "other side of Aspen" |
| 7 | Western Digital external USB hard drive, serial #WMANU1505282 |
| 8 | One IBM Thinkpad Laptop Computer - Ser#: 78-YCD29 |
| 9 | Dell Dimension 8300 desktop computer, Service tag: # 73HOD31 |
| 10 | Handwritten letter to justin from Sidney detailing what to do if something ever happened to him. |
| 11 | Dell Inspiron E1405 laptop computer, Service Tag 2GVDPB1 with battery and power cable |
| 12 | Plastic bottle containing clear liquid, ziplock bags containing crystal like substance, glass pipe, glass containers |
| 13 | Canvas case containing shotgun(black and brown) serial # 110099 |
| 14 | One HP DV400 laptop computer s/n 2CE55105G0 and power cord |
| 15 | One USB Hard drive Lacie S/N 112161121509711CR2U214 |
| 16 | One piece of paper with information on students |
| 17 | CD's and DVD's loose |
| 18 | single CD labeled "in n out" |
| 20 | 2 zop lock bags containing a crystal like substance |
| 21 | CD-RW labeled "SH" handwritten |
| 22 | Several optical disks, including one mailed to Marc Souza |
| 23 | Western Digital external hard drive, serial #WXE606164751 |
| 24 | Notebook with notes concerning porn and rape |

**FILED**
FEB 13 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Agent Copy**
Page 1 of 2

Exhibit A

| ITEM# | DESCRIPTION |
|---|---|
| 25 | Ziplock containing crystal like substance and one glass pipe from inside closet |

(END OF LIST)                                   Total of 24 Item(s) Listed

This is to certify that Special Agents of the Federal Bureau of Investigation, U.S. Department of Justice, at the time of conducting a search of my person and/or the property (1301 U Street, NW Apt 217 Washington, DC 20009) obtained the above listed items. I further certify that the above represents all that was obtained by Special Agents of the Federal Bureau of Investigation, U.S. Department of Justice.

Witnessed: _____ Signature
Special Agent
Federal Bureau of Investigation
U.S. Department of Justice

_____
Special Agent
Federal Bureau of Investigation
U.S. Department of Justice